363 S.E.2d 746

Frank VELTRI and Thomas Hark

v.

CHARLESTON URBAN RENEWAL AUTHORITY and Patrick H. Brown, III, Executive Director.

No. 17617.

Supreme Court of Appeals of West Virginia.

Dec. 3, 1987.

Ricklin Brown, Charleston, for appellants.

Thomas E. Damewood, Charleston, for appellees.

PER CURIAM:

This is an appeal by Frank Veltri and Thomas Hark from an order of the Circuit Court of Kanawha County denying them declaratory and injunctive relief under the Freedom of Information Act, *W. Va. Code*, 29B–1–1, *et seq.* The principle question involved in this case is whether a tape recording of a public meeting of the Charleston Urban Renewal Authority constitutes an internal memorandum exempt from disclosure under the Freedom of Information Act. On appeal the appellants assert that it is not such an exempt memorandum and that the circuit court erred in refusing to order release of it. After reviewing the record, this Court agrees. Accordingly, the judgment of the Circuit Court of Kanawha County is reversed.

On or about October 8, 1986, the appellants filed a request seeking disclosure of certain records of the Charleston Urban Renewal Authority pursuant to the provisions of the Freedom of Information Act, *W. Va. Code*, 29B–1–1. Among the items sought was "the electronic recording (tape or disc) of the open session segments of the September 19, 1986 continued meeting of CURA".

In response to the appellants' request, Patrick H. Brown, III, Executive Director of the Urban Renewal Authority and custodian of its records, denied the relators' access to the records except for certain written meeting minutes of the Urban Renewal Authority's meetings and certain ledger sheets. Among the items to which the appellants were denied access was the tape recording of the September 19, 1986, public meeting.

After receiving the Urban Renewal Authority's response, the appellants filed a civil action in the Circuit Court of Kanawha County alleging that the information which they sought was a public record and was disclosable under the Freedom of Information Act.

After conducting hearings in the case, the circuit court ruled that as a matter of law the tape recording that the appellants sought of the Urban Renewal Authority's September, 1986, meeting was not disclosable. The court indicated that although the electronic tape recording was a public record and a writing under *W. Va. Code*, 29B–1–2(4) and (5), it constituted an "internal memorandum" within *W. Va. Code*, 29B–1–4(8) and as such was exempt from the general disclosure requirements of the West Virginia Freedom of Information Act. It is from that ruling that the appellants now appeal.

The key operative section of the West Virginia Freedom of Information Act, *W. Va. Code*, 28B–1–3(1) provides that:

Every person has a right to inspect or copy any public record of a public body in this state, except as otherwise expressly provided by section four [§ 29B–1–4] of this article.

*West Virginia Code*, 29B–1–4 exempts from disclosure trade secrets, information of a personal nature contained in personnel, medical, or similar files, certain test questions and examination data, investigative reports of law enforcement agencies, certain manuscripts relating to historical, archeological, or other places, information relating to certain financial institutions, and finally certain internal memoranda. In the present proceeding the Urban Renewal Authority claims, as the circuit court found, that the tape of the September 19, 1986, meeting of the Authority constitutes an internal memorandum and is thus exempt from disclosure.

The specific language of *W.Va.Code*, 29B-1-4 which exempts internal memoranda states:

The following categories of information are specifically exempt from disclosure under the provisions of this article: ... (8) Internal memoranda or letters received or prepared by any public body.

This particular statutory language relating to internal memoranda has to this date not been construed by this Court.

■ In *Hechler v. Casey*, 175 W.Va. 434, 333 S.E.2d 799 (1985), this Court discussed generally the construction of provisions of the Freedom of Information Act and concluded in syllabus point 4 that:

The disclosure provisions of this State's Freedom of Information Act, *W.Va. Code*, 29B-1-1 *et seq.*, as amended, are to be liberally construed, and the exemptions to such Act are to be strictly construed. *W.Va.Code*, 29B-1-1 [1977].

*West Virginia Code*, 29B-1-2 provides that for the purposes of the Freedom of Information Act a public record includes "any writing containing information relating to the conduct of the public's business, prepared, owned and retained by a public body." A writing is defined as "any books, papers, maps, photographs, cards, tapes, recordings or other documentary materials regardless of physical form or characteristics."

■ The item of information in issue in the present proceeding is a tape recording of a meeting conducted by the Urban Renewal Authority on September 19, 1986. That meeting was a public meeting and was attended by the general public, including the appellants in this proceeding, as well as members of the news media. The tape recording which was made by the Urban Renewal Authority and is owned and has been retained by them.

In view of the definitions contained in *W.Va.Code*, 29B-1-2, this Court believes that the recording is a public record within the meaning of *W.Va.Code*, 29B-1-2 since it is a tape, which is technically a writing under *W.Va.Code*, 29B-1-2(5), since it contains information relating to the conduct of the public's business, and since it was pre-

pared by and is owned and retained by a public body.

Thus the sole question in this case is whether the tape is an internal memorandum exempt under *W.Va.Code*, 29B-1-4.

Syllabus point 4 of *Hechler v. Casey*, *supra*, requires that this Court, in determining whether the tape is an exempt item, must construe the statute creating the exemption strictly. An authority considering the purpose of the internal memorandum exemption has indicated that this exemption is intended to insulate the inner workings of public bodies from public scrutiny and to promote the free exchange of ideas between persons within those bodies. A. Neely, *Administrative Law in West Virginia*, § 7.15 at 562 (1982).

Although the Charleston Urban Renewal Authority indicates that the tape in question was made for the purpose of providing the secretary who took minutes of the open meeting with an opportunity to check the correctness of those minutes, the tape was of a public, open meeting. By virtue of the character of that meeting the exchange of ideas which occurred at that meeting was inherently subject to public scrutiny. This Court does not believe that the knowledge that a tape of the meeting was made in any way altered the exchange of ideas which occurred during the meeting. In effect, this Court cannot see how suppression of the tape in any way could have altered the exchange of ideas at the meeting or could alter such an exchange in the future.

Construing the internal memorandum exemption provision strictly as is required by syllabus point 4 of *Hechler v. Casey*, this Court does not believe that it was intended to cover verbatim recordings of open, public meetings of the type in issue in the present case.

Accordingly, this Court believes that the appellants are entitled to inspect and copy the tape as is provided by *W.Va.Code*, 29B-1-3 and that the Circuit Court of Kanawha County erred in denying the relief which they sought in this proceeding. The judgment of the Circuit Court of Kanawha County is, therefore, reversed and this case

is remanded with instructions that the Court grant the appellants the relief which they sought in their petition.

Reversed and remanded with instructions.